**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Aaron Etzler, *et al.*,

    Plaintiffs,

    v.                                   Case No. 1:07cv1035

City of Cincinnati, Ohio, *et al.*,          Judge Michael R. Barrett

    Defendants.

**OPINION & ORDER**

This matter is before the Court upon Defendants' Motion to Dismiss Fourth Amended Complaint (Doc. 41); Plaintiffs' Response in Opposition (Doc. 45); and Defendants' Reply (Doc. 50). Also before the Court is Defendants' Motion for a More Definite Statement (Doc. 42) and Plaintiffs' Response in Opposition (Doc. 42).

**I.    BACKGROUND**

According to the allegations in the Fourth Amended Complaint (Doc. 37), Plaintiffs own property that is and has been in violation of several Cincinnati building and housing code regulations. At issue is Plaintiffs' failure to apply and obtain a Vacated Building Maintenance License ("VBML") as required by Cincinnati Municipal Code Section 1101-771. The owner of a building, which has been ordered in whole or in part to be vacated or kept vacant by the Director of the Department of Building and Inspections, must apply for and obtain a VBML. The fee for an application consists of an escalating fee structure based upon the duration of time that the building has been ordered vacated or kept vacant, ranging from $900.00 for properties that have been ordered vacated or kept vacant for less

than one year to $3,500.00 annually for properties that have been ordered vacated or kept vacant for at least five years.

If a building owner fails or refuses to apply for the license, the owner of the building may be charged and prosecuted with a criminal offense of failure to comply with orders, a misdemeanor of the first degree under Section 1101-71 of the Cincinnati Municipal Code. Penalties include imprisonment for up to 180 days and a fine of up to $1,000.[1]

On November 29, 2006, the City commenced criminal prosecution against Etzler for his failure to obtain a VBML. On September 5, 2007, the City dismissed the criminal charges, but began to enforce the VBML requirement against Etzler again on September 7, 2007. Plaintiffs contend that the City has selectively prosecuted violations of the VBML requirement, seeking to compel the forced sale of certain or selective properties.

Plaintiffs bring the following claims: (1) declaratory judgment pursuant to 42 U.S.C. § 1983 that the VBML ordinance violates the Fourteenth Amendment and the Ohio constitution;[2] (2) injunctive relief; (3) damages; (4) vagueness; and (5) violation of the Eighth Amendment's prohibition against excessive fines.

The City moves to dismiss the Fourth Amended Complaint for failure to state a claim

---

[1] The ordinance provides:

1101-71.1 General: If, after service of any lawful order from the director of buildings and inspections, the owner, agent, contractor or other person responsible for the work or violation refuses to comply with such order or does not comply within the period stated in the order of notice, such failure to comply shall constitute a misdemeanor of the first degree punishable as provided for in this Code.

[2] Plaintiffs claim that the VBML ordinance violates their right to due process; effects a taking under the Fifth Amendment, enforceable through the Fourteenth Amendment; and claim that their Fourteenth Amendment right to equal protection has been violated. Plaintiffs' claim under the Ohio constitution is that the Ohio constitution mandates that taxes against real property be uniform according to its value.

upon which relief can be granted, or in the alternative, moves for a more definite statement.

## II. ANALYSIS

### A. Motion to Dismiss Standard

In reviewing a motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008), *quoting Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). Although the plausibility standard is not equivalent to a " 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949, *quoting Twombly*, 550 U.S. at 556.

### B. Section 1983

Section 1983 imposes civil liability on a person acting under color of state law who deprives another of the "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Therefore, a plaintiff must allege two elements to establish a *prima facie* case under section 1983: (1) that the action occurred "under color of law"; and

(2) that the action was a deprivation of a constitutional right or a federal statutory right. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986). The parties do not dispute that the actions taken by Defendants were "under color of law." Instead, the parties disagree whether Plaintiff has sufficiently alleged a constitutional violation.

### 1. **Procedural Due Process**

Procedural due process generally requires that the state provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest. *Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005). Only after a plaintiff has met the burden of demonstrating that he or she possessed a protected property or liberty interest and was deprived of that interest will the court consider whether the process provided the plaintiff in conjunction with the deprivation, or lack thereof, violated his or her rights to due process. *Id.*, *citing Hamilton v. Myers*, 281 F.3d 520, 529 (6th Cir. 2002).

Defendants argue that Plaintiffs have failed to allege the existence of a constitutionally protected property interest. Plaintiffs counter that they have alleged a liberty interest, which they describe as a freedom from incarceration, and a fundamental right to own property.

Certainly, Plaintiffs do not argue that they have the freedom to violate a valid law. Plaintiffs instead argue, in essence, that they are entitled to be free from criminal prosecution under what they argue is an invalid law. However, in *Richardson v. City of South Euclid*, the Sixth Circuit held that "a prosecution under a presumptively valid municipal ordinance, later determined to be invalid, does not, of itself, deprive the person

prosecuted of any liberty interest recognized by our Constitution." 904 F.2d 1050, 1053 (6th Cir. 1990). The court explained that "[t]he prosecution itself is the observance of process due the accused." *Id.*; *see also Silvernail v. County of Kent*, 385 F.3d 601, 605 (6th Cir. 2004) ("In any event, had plaintiffs failed to pay the assessment fee, they would have been entitled to the full panoply of due process protections when and if the County instituted a criminal action to collect the fee."). Accordingly, the Court finds that Plaintiffs have failed to state a claim of procedural due process based upon a liberty interest.[3]

In the context of a procedural due process claim, property rights are created and defined by independent sources such as state law, and not by the Constitution. *See Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir. 2002). Under Ohio law, the right to "acquire, use, enjoy, and dispose of property" is "an original and fundamental right." *City of Norwood v. Horney*, 853 N.E.2d 1115, 1128 (Ohio 2006). However, that right does not exist free from government intervention and regulation. *Id.* (describing inherent tension between the individual's right to possess and preserve property and the state's competing interests in taking it for the communal good).

In an analogous case, a plaintiff applied for and was denied permits to build modular homes on each of the three vacant lots he owned. The Sixth Circuit found the plaintiff's due process claims failed:

---

[3]The Court finds Plaintiffs' citation to *DeShaney v. Winnebago County*, 489 U.S. 189 (1989) inapposite. *DeShaney* involved a mother and her child who brought a section 1983 claim against a state child protection agency after the agency returned the child to the custody of an abusive father, who ultimately beat the child, causing permanent brain damage. *Id.* at 189. The Court's analysis turned on whether the child had been taken into custody, because as the Court explained, "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." The issue of custody and the duty to protect have no applicability in this case.

> the district court was correct in finding the absence of a protected property interest in the building permits for which he applied, because the Building Department retained discretion as to whether those permits would issue. Under Ordinance § 4.004(h) it is the Building Department's responsibility to determine in the first instance whether dwellings are "aesthetically compatible in design and appearance to homes in the neighborhood in which it is located." That provision confers discretion on the Building Department to approve or deny building permits. While Brown may have hoped that his application would be granted, hopes alone-though they may spring eternal-do not create a constitutionally-protected property interest. That alone dispatches Brown's lawsuit.

*Brown v. City of Ecorse*, 2009 WL 1098715, *3 (6th Cir. Apr. 23, 2009). Likewise, section 1101-65 of the VBML Ordinance grants the City's Director of Building and Inspections the discretion to order a building or portion of a building vacated. While Plaintiffs may have hoped that their buildings were not subject to the VBML, it is no basis for a constitutionally-protected property interest. Accordingly, the Court finds that Plaintiffs have failed to state a claim of procedural due process based upon a property right. Therefore, Defendants are entitled to dismissal of Plaintiffs' procedural due process claims.

### 2. <u>Substantive Due Process</u>

Defendants argue that Plaintiffs have not alleged facts sufficient to establish that the VBML Ordinance violates any right, privilege, or immunity secured by the Constitution or by federal statute. Plaintiffs respond that they have sufficiently alleged a "fundamental right to own property."

"Substantive due process . . . protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action. The fundamental rights protected by substantive due process arise from the Constitution itself and have been defined as those rights which are 'implicit in the concept of ordered liberty.'" *Gutzwiller v. Fenik*, 860 F.2d 1317, 1328 (6th Cir.1988), *quoting Palko*

*v. Connecticut*, 302 U.S. 319, 325 (1937).

The Sixth Circuit uses an "entitlement test" to determine whether an alleged property right is protected under the Fourteenth Amendment. *Wedgewood Ltd. Partnership I. v. Township of Liberty, Ohio*, 456 F.Supp.2d 904, 931 (S.D.Ohio 2006), *citing Andreano v. City of Westlake*, 2005 WL 1506049, *5 (6th Cir. June 23, 2005) (unpublished).

In *Triomphe Investors v. City of Northwood*, 49 F.3d 198, 202 (6th Cir. 1995), the city denied a property owner's application for a special use permit to build condominiums. In analyzing the plaintiff's substantive due process claim, the court first determined whether the plaintiff had a property right in the special use permit. The court explained that "[i]n order to have such a property interest supporting a substantive due process claim, Triomphe must show either that it possessed a legitimate claim of entitlement to the special use permit or a justifiable expectation that the City Council would issue the permit." *Id.*, *citing Silver v. Franklin Township Board of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992). The court explained that a plaintiff lacks a legitimate claim of entitlement or justifiable expectation if a municipality has discretion under its zoning code to deny the plaintiff's land-use application despite the application's compliance with the code's minimum requirements. *Id.* at 202-203.

As explained above, section 1101-65 of the VBML Ordinance grants the City's Director of Building and Inspections discretion to order a building or portion of a building vacated. Therefore, Plaintiffs cannot claim that they had a legitimate claim of entitlement or justifiable expectation with regard to the application of the VBML Ordinance to their properties. As a result, Plaintiffs have not stated a property right protected by the Due

Process Cause, and Defendants are entitled to dismissal of Plaintiffs' substantive due process claim.

### 3. Equal Protection

Defendants argue that Plaintiffs have failed to allege that they are members of a protected class, and have failed to state a claim for under the "class of one" theory of recovery.

"The purpose of the equal protections clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Warren v. City of Athens, Ohio,* 411 F.3d 697, 710 (6th Cir. 2005), *citing Sioux City Bridge Co. v. Dakota County,* 260 U.S. 441, 445 (1923). "Equal protections claims can be brought by a 'class of one,' where the plaintiff alleges that the state treated the plaintiff differently from others similarly situated and that there is no rational basis for such difference in treatment." *Id. citing Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000).

"A 'class of one' plaintiff may demonstrate that a government action lacks a rational basis in one of two ways: either by 'negativ[ing] every conceivable basis which might support' the government action or by demonstrating that the challenged government action was motivated by animus or ill-will." *Warren v. City of Athens, Ohio*, 411 F.3d 697, 711 (6th Cir. 2005), *quoting Klimik v. Kent County Sheriff's Dept*., 2004 WL 193168 (6th Cir. 2004) (unpublished).

Plaintiffs allege that Defendants have not diligently pursued all vacant buildings within the City, but, instead have selectively enforced the VBML, so as to encourage or

promote the forced sale of such properties to persons, entities or organizations preferred by the City. Based on these allegations, the Court finds that Plaintiffs have stated a claim for an equal protection violation.

### 4. Takings Clause

Defendants argue that any takings claim that Plaintiffs might have is not ripe for adjudication.

The Fifth Amendment's Takings Clause prohibits the taking of private property for public use without just compensation. U.S. Const. amend. V. "A claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity is charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,* 473 U.S. 172, 186 (1985). As a consequence, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id.* at 194-95.

The Sixth Circuit has held that Ohio has "reasonable, certain, and adequate procedures" for plaintiffs to pursue compensation for an involuntary taking. *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006) The court explained that "Ohio law provides a statutory mechanism by which the government actor seeking to take property is under a duty to bring an appropriation proceeding against the landowner. A property owner who believes that his property has been taken in the absence of such an appropriation proceeding may initiate a mandamus action in Ohio court to force the government actor into the correct appropriation proceeding." *Id.*, *citing* Ohio Rev.Code §§ 163.01-163.62;

*Shemo v. City of Mayfield Heights*, 765 N.E.2d 345, 350 (Ohio 2002) (footnote omitted). Plaintiffs have not alleged that they have brought an action in state court demanding just compensation. Therefore, their taking claim is not ripe and must be dismissed without prejudice.

### 5. **Vagueness**

The Due Process Clauses of the Fifth and Fourteenth Amendments provide the constitutional foundation for the void-for-vagueness doctrine. *Belle Maer Harbor v. Charter Tp. of Harrison*, 170 F.3d 553, 556 (6th Cir.1999). "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). The Supreme Court has explained that vague laws "offend several important values." *Id.* First, laws must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Id.* Second, laws must provide "explicit standards for those who apply them." *Id.* As the Supreme Court has explained: "vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Id.* Finally, "where a vague statute 'abut(s) upon sensitive areas of basic First Amendment freedoms,' it 'operates to inhibit the exercise of (those) freedoms.'" *Id.*, quoting *Baggett v. Bullitt*, 377 U.S. 360, 372 (1964).

The Sixth Circuit has outlined the principles to be applied in a void-for-vagueness challenge:

> In examining a facial challenge, this court must first "determine whether the enactment reaches a substantial amount of constitutionally protected conduct." Where the enactment does not reach constitutionally protected

> conduct, the complainant may succeed in a vagueness claim "only if the enactment is impermissibly vague in all of its applications." Therefore, vagueness claims not involving First Amendment freedoms must be examined in light of the facts of the particular case at hand and not as to the statute's facial validity. However, even in cases not involving First Amendment rights, we have recognized that courts may engage in a facial analysis where the enactment imposes criminal sanctions.

170 F.3d at 557 (citations omitted). Plaintiffs' challenge does not involve First Amendment freedoms. However, the VBML Ordinance does include criminal penalties for non-compliance, and therefore Plaintiffs can maintain a facial challenge.

Plaintiffs allege that the VBML Ordinance does not define the terms "code violation" and "noncompliance" so as to provide fair warning and notice of what specific conduct is permitted or prohibited. Plaintiffs also allege that as a result, the VBML Ordinance permits discriminatory application of the Ordinance by the Director of Buildings and Inspections. The Court finds that based on these allegations, Plaintiffs have stated a claim under the void-for-vagueness doctrine.

### 6. <u>Excessive Fine</u>

Plaintiffs allege that the fees due in connection with the VBML are grossly excessive and unconstitutional.

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Supreme Court has explained that "[t]he Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" *Austin v. United States*, 509 U.S. 602, 609 (1993), *quoting Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 266-67 (1989). Therefore, the first question in an excessive fines case is whether the fine at issue is

"punishment." 509 U.S. at 610. The second step of the excessive fine inquiry is whether the fine is in fact excessive. The Supreme Court has explained that a fine imposed as punishment is excessive under the Excessive Fines Clause only "if it is grossly disproportional to the gravity of a defendant's offense." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998).

Plaintiffs allege that the escalating nature of the fees under the VBML Ordinance result in a form of punishment. Plaintiffs further allege that the owner of a building subject to the VBML Ordinance which has an unfinished interior or is not capable of being occupied, but is safe and secure in all other respects is required to pay the VBML fee even if the economics do not justify paying the costs associated with improving the interior of the building. The Court finds that based on these allegations, Plaintiffs have stated a claim based on the Excessive Fines Clause of the Eighth Amendment.[4]

### 7. Ohio Constitution

In this Court's ruling upon Plaintiffs' Motion to Remand (Doc. 9), this Court found that the VBML fee is not a tax. Accordingly, any claims Plaintiffs may attempt to bring under Ohio law or Ohio's constitution based upon the proposition that the VBML fee is a tax lack merit. Defendants are entitled to dismissal of this claim.

### C. Motion for More Definite Statement

Federal Rule of Civil Procedure Rule 12(e) provides that, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more

---

[4] In so finding, the Court is not making a determination that the fees under VBLM Ordinance do in fact constitute punishment.

definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e). Defendants argue that Plaintiff's Fourth Amended Complaint is so vague, ambiguous, and devoid of factual allegations that Defendants cannot reasonably be required to frame a responsive pleading.

Rule 8(a)(2) requires only that a pleading setting forth a claim for relief contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of such statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Court finds that Plaintiffs' Fourth Amended Complaint is not so vague or ambiguous that Defendants cannot frame a responsive pleading. Therefore, Defendants' Motion for a More Definite Statement (Doc. 42) is DENIED.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendants' Motion to Dismiss Fourth Amended Complaint (Doc. 41) is hereby GRANTED in PART and DENIED in PART;

    a. Plaintiffs' claim for procedural due process is DISMISSED with PREJUDICE;

    b. Plaintiffs' claim for substantive due process is DISMISSED with PREJUDICE;

    c. Plaintiffs' takings claims is DISMISSED without PREJUDICE;

    d. Plaintiffs' claim under Ohio law is DISMISSED with PREJUDICE;

    e. Plaintiffs' claims for violation of equal protection, vagueness, and excessive fines will proceed; and

2. Defendants' Motion for a More Definite Statement (Doc. 42) is **DENIED**.

**IT IS SO ORDERED.**

                                         */s/ Michael R. Barrett*
                                         Michael R. Barrett, Judge
                                         United States District Court